**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In Re: ) | |
| ) | **Chapter 13** |
| **Hyegu Cho and** ) | **Case No.: 15-20638** |
| **Jen Chinkyung Cho,** ) | |
| ) | |
| **Debtors.** ) | |
| ) | |

**MEMORANDUM OF DECISION**

**I.  INTRODUCTION.**

This matter came before me on the motion for relief from stay and surrender of property by Falmouth Ventures, LLC ("Falmouth") (Docket Entry ("DE") 57).  The motion brings to a head the question of whether the assumption and rejection provisions of the United States Bankruptcy Code[1], 11 U.S.C. §365(d)(4)(A), apply in chapter 13 cases.  I find that they do and will grant Falmouth's motion, in part, for the reasons below.

**II.  JURISDICTION AND VENUE.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and United States District Court for the District of Maine Local Rule 83.6(a).  This is a core proceeding under 28 U.S.C. §§ 157(2)(A), 157(2)(G) and 157(2)(O).

**III.  FACTUAL BACKGROUND.**

In September of 2010, Hyego Cho signed a ten-year lease with Falmouth to rent commercial property on U.S. Route 1 in Falmouth, Maine where he could locate a dry

---

[1] All references to the "Bankruptcy Code", the "Code", specific statutory sections or chapters shall be to the Bankruptcy Reform Act of 1978, as amended.

1

cleaning business.  Mr. Cho, doing business as Portland Dry Cleaners, signed the lease in his personal capacity.  Five years later, Mr. Cho and his wife Jean Chinkyung Cho (collectively, the "Chos") filed a petition for relief under chapter 13 of the Code (DE 1).  The Chos did not schedule the lease on Schedule G - Executory Contracts and Unexpired Leases (DE 13) – nor did they disclose any proposed treatment of it in their original plan (DE 16), though their Statement of Business Income and Expenses (DE 14) reflected rent of Portland Dry Cleaners of $3,000 per month.  Falmouth was not scheduled as a creditor and the unexpired lease was not assumed within 120 days of the filing of the petition.

Subsequently, Falmouth filed its motion seeking relief from the automatic stay to proceed upon its state law rights and to force the surrender of the property.   Falmouth reasoned that because the lease was not assumed within 120 days of the bankruptcy filing, it was deemed rejected.  The next day, which was 188 days after the filing of the petition, the Chos submitted an amended plan (DE 59) which proposed to assume the obligations of the Falmouth lease.  They also filed a written objection to the motion (DE 64).  Falmouth in turn submitted a reply (DE 66) and the Chos then delivered their sur-reply (DE 67).   The parties' counsel appeared before me on April 6, 2016 and presented oral argument.  All agreed that I could decide the matter based upon the undisputed facts, and they also agreed that there was no need for an evidentiary hearing or further briefing.

**IV.  DISCUSSION.**

**A.  Section 365(d)(4) applies in Chapter 13 cases.**

The assumption or rejection of executory contracts in Chapter 13 cases is governed by two sections of the Code, §365 and §1322(b)(7).  Since §1322(b)(7)

2

specifically provides that it is subject to the terms of §365[2] and since the Falmouth lease is an unexpired, nonresidential lease, my inquiry starts with the wording of §365(d)(4)(A)[3]. That subsection reads as follows:

> *[A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –*
>
> *(i) the date that is 120 days after the date of the order for relief; or*
>
> *(ii) the date of the entry of an order confirming a plan.*

The Chos maintain that §365(d)(4) cannot apply in chapter 13 cases. There is merit to their assertion. This subsection creates an automatic rejection of an unexpired nonresidential lease if a <u>trustee</u> fails to assume the lease within 120 days of the filing of the bankruptcy petition. But in a chapter 13 case, the trustee has little, if any, incentive or purpose, to assume a nonresidential lease. Unlike a chapter 11 trustee, the chapter 13 trustee has no statutory authority to operate the debtor's business. <u>Compare</u> §1108 <u>with</u> §1302 and §1304(b). Also, chapter 13 debtors, in contrast to those in chapters 11 and 12 cases, have limited powers and rights. <u>Compare</u> §1107 and §1203 <u>with</u> §1303. For example, chapter 13 debtors, unlike those in chapters 11 and 12, are not debtors in possession who are granted certain powers of the trustee such as the authority to exercise the powers of trustees to assume or reject under §365. So while a chapter 11 or 12 debtor in possession could use §365 to assume a nonresidential lease prior to confirmation, the

---

[2] Section 1322(b)(7) provides that " . . . the plan may . . . <u>subject to section 365 of this title</u>, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section . . ." (emphasis added).

[3] This section was added in 1984 and originally allowed the trustee only 60 days to take action. The 2005 amendments to the Code extended that time period to 120 days. 2 William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice §46.36 (3d ed. 2016)

3

plain language of the Code does not permit a chapter 13 debtor to do so.  Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 56.1, at ¶1, Sec. Rev. May 24, 2004, www.Ch13online.com (hereafter, "Chapter 13 Bankruptcy at ¶__")("There is no specific provision of chapter 13 giving the debtor the powers of the trustee under § 365").  As a result, one construction of §365(d)(4)(A) is that it cannot apply to chapter 13 cases because the Code does not permit chapter 13 trustees to operate the debtors' businesses and there would never be an occasion for those trustees to assume nonresidential leases.  Rather the Chos assert that §1322(b)(7), which permits the assumption or rejection of an executory contract within the chapter 13 plan, provides the mechanism for determining assumption or rejection in chapter 13 cases.

In looking to the case law, I can find only two reported cases that support the Chos' argument: In re Alexander, 670 F.2d 885 (9th Cir. 1982) and In re Dodd, 73 B.R. 67 (Bankr. E.D. Cal. 1987).  Alexander is not persuasive because it preceded the 1984 amendments to the Code when Congress added the words "subject to section 365 of this title" to §1322(b)(7) and while I can appreciate the path of the Chos' argument and the Dodd holding, I disagree with the destination they reach.  First, Dodd is an outlier.  The majority of courts that have addressed this issue disagree with Dodd and adopt the position, implicitly or explicitly, that §365(d)(4) applies in chapter 13 cases.  See In re Vigo, 2009 Bankr. LEXIS 3847, 2009 WL 4040145 (Bankr. D.P.R. Nov. 16, 2009); In re Brown, 367 B.R. 599, 604 (Bankr. S.D. Ohio 2006); In re Slack, 280 B.R. 604, 607 (Bankr. D.N.J. 2002); In re Ashby, 2000 WL 33712476, at *3 (Bankr. D. Idaho May 18, 2000); In re Casamont Inv'rs, Ltd., 196 B.R. 517, 521(B.A.P. 9th Cir. 1996); In re Ford, 159 B.R. 930, 931 (Bankr. W.D. Wash. 1993); In re Rocchio, 125 B.R. 345 (Bankr.

4

D.R.I. 1991); In re Gillis, 92 B.R. 461, 465 (Bankr. D. Haw. 1988); In re Adams, 65 Bankr. 646, 648-49 (Bankr. E.D. Pa. 1986). The major treatises similarly do so. Chapter 13 Bankruptcy at §56.1, ¶1; Hon. Joan N. Feeney, Hon. Michael G. Williamson, and Michael J. Stephan, Esq., Bankruptcy Law Manual § 9B:24 (5th ed. 2016); 3-365 Collier on Bankruptcy ¶365.05 (15th 2015).

Second, the wording of §365(d)(4) is clear, unambiguous and commanding - an unexpired, nonresidential lease shall be deemed rejected if the trustee fails to assume it within 120 days of the petition. There are three possible interpretations to this language: (1) §365(d)(4) does not apply to Chapter 13 cases; (2) since the statute requires the trustee to assume or reject, but because the trustee lacks that power, the statute should be read to mean the debtor; or (3) the statute means what it says, even if that interpretation does not make sense. I reject the first approach. As a general rule of statutory interpretation, I must first look to the wording of the Code and, unless Congress has specifically defined a word, that word has its "ordinary, contemporary and common meaning". 3A Sutherland Statutory Construction § 70:6 (7th ed. 2016) ("Sutherland Statutory Construction at §___"). As written, this subsection is not limited to Chapter 11 or 12 cases. It is drafted generally and broadly; it is not constrained as are §365(d)(1) (which applies only to chapter 7 cases), §365(d)(2) (which applies to all cases except those under chapter 7) and §365(d)(5) (which applies only to chapter 11 cases). The plain and unequivocal language of §365(d)(4) compels me to apply it in this chapter 13 case because the lease was not assumed within the required time period and because no extension of that time period was previously obtained, the Falmouth lease was deemed rejected and could not be assumed in the plan pursuant to §1322(b)(7). Neither the

5

second nor third approach is entirely satisfactory but I need not decide between them, because here neither the trustee nor the debtor timely moved to assume the lease and under either approach, the lease would be deemed rejected.[4]

I therefore conclude that Falmouth is entitled to relief from stay. Falmouth also seeks an order from me requiring Mr. Cho to surrender the leased premises within 7 days in accordance with §365(d)(4)(A) but I will not grant this relief. This subsection compels the trustee to surrender property, not the debtor.[5]

### B. Section 105 cannot save the Chos.

At oral argument, the Chos' counsel mentioned that their failure to list the lease as an executory contract or to include it in their schedules may have been the result of a language barrier or their confusion of whether the lease was Mr. Cho's personal obligation or the separate obligation of his business. Even if these were the reasons why the lease was not assumed within 120 days of the filing, and even if these reasons were

---

[4] The second approach is imperfect because when Congress "uses a term or phrase in one statute or provision but excludes it from another similar statute or provision, courts do not imply an intent to include the missing term in that statute or provision where the term or phrase is excluded." 3A Sutherland Statutory Construction § 70:6. The third approach leads to confusion. For example, why would Congress grant certain authority under §365(a) to the chapter 13 trustee to assume or reject unexpired leases of debtors and then establish certain time frames under §365(d)(4) to assume or reject nonresidential leases of property for which the chapter 13 trustee has no statutory authority or practical reasons to operate? It is also curious that in the chapter 13 context, §365(d)(4) directs trustees to surrender property over which they have no control. Finally, applying the same straightforward construction to §365(d)(3) as I apply here to §365(d)(4), leads to the curious result that the chapter 13 trustees must perform all of the debtors' obligations under unexpired nonresidential leases until the lease is assumed or rejected, presumably including making lease payments. Others have also struggled with these anomalies. See, Ingrid Michelsen Hillinger and Michael G. Hillinger, "Section 365 in the Consumer Context: Something Old, Something New, Something Borrowed, Something Blue." 104 Com. L.J. 377 (Winter 1999); See also Chapter 13 Bankruptcy, §56.1, ¶7.

[5] It certainly would have been clearer if Congress addressed nonresidential leases in the chapter 13 context in one of two alternative ways. It could have added the words "or the debtor" twice to this subsection: "[A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee or the debtor shall immediately surrender that nonresidential real property to the lessor, if the trustee or the debtor does not assume or reject the unexpired lease by the earlier of – . . ." Or it could have indicated that the provisions of §365(d)(4) specifically do not apply to chapter 13 cases as it the subsection do not apply in chapter 13 cases.

properly before me, this would not, unfortunately for the Chos, change the outcome of this case.  First, the Chos' mistaken understanding of their responsibilities (i.e. to schedule an executory contract or to understand the terms of a lease) does not insulate them from the consequences mandated by the Code. In re Slack, 280 B.R. 604, 609 n. 2 (Bankr. D.N.J. 2002) ("In the chapter 13 context, a debtor's failure to schedule an unexpired non-residential lease has no affect on the application of Section 365(d)(4)."). Nor can they find a safe harbor through the broad relief available under §105:

> That Code section provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." §105(a). Though its scope may appear to be broad "it should be universally recognized that the power granted to the bankruptcy courts under section 105 is not boundless and should not be employed as a panacea for all ills confront'd in the bankruptcy case. As aptly put by one court, section 105 does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." Collier on Bankruptcy ¶ 105.01 [2] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2014) (citations omitted). It empowers me to invoke its authority ". . . only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." In re Jamo, 283 F.3d 392, 403 (1st Cir. 2002).
>
> In re Oak Knoll Associates, L.P., 525 B.R. 175, 183, 60 Bankr. Ct. Dec. 169, 2015 WL 435458 (Bankr. D. Me. 2015).

The Code does not confer any such right on the Chos and the authority granted by Congress in §105 is not broad enough to help the Chos here.

### C.  "Deemed rejected" is definitive.

Finally, the Chos also asserted that the the words "deemed rejected" in §365(d)(4) do not definitively mean that the Falmouth lease was rejected.  I disagree. See, Puerto Rico Tel. Co., Inc. v. SprintCom, Inc., 662 F.3d 74, 95-96 (1st Cir. 2011) ("Although the Agreement does not define the words "deem" and "binding," these words are of common

7

legal usage and are defined in legal dictionaries. For example, Black's Law Dictionary defines the word "deem" as follows: "To treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have." Black's Law Dictionary 477–78 (9th ed. 2009) (noting that the word "deem" "has been traditionally considered to be a useful word when it is necessary to establish a legal fiction either positively by 'deeming' something to be what it is not or negatively by 'deeming' something not to be what it is" *96 (quoting G.C. Thornton, Legislative Drafting 99 (4th ed. 1996)))"). "Deemed rejected" in this subsection means that the executory contract which was not assumed during the relevant time period is treated as though it was rejected.

### V. CONCLUSION.

Based upon the foregoing, I conclude that §365(d)(4) applies to this chapter 13 case and because the Falmouth lease was not assumed by the trustee within the time period established by that subsection, it was deemed to be rejected which in turn prevents the Chos from assuming it within their chapter 13 plan. Falmouth is granted relief from the stay and can seek its state law remedies as respects the Falmouth property.

A separate order shall follow.

Date: April 29, 2016

/s/ Peter G. Cary

Peter G. Cary, Judge
United States Bankruptcy Court

8